UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
Northeastern DIVISION

Melaine Lewis )
 )
 Plaintiff )
 ) No. 3:18-29
v. ) Judge Crenshaw/Brown
 ) Jury Demand
Cumberland Count Sheriffs's Dept )
 Et al. )
 Defendant )

## **SCHEDULING ORDER**

The plaintiff has sent the court a letter asking if an attorney has been appointed for her. She has not made a request for an attorney and unless she can show exceptional circumstances one will not be appointed for her. Attorneys in civil case are not required by the constitution and will not be appointed except in cases where the party shows exceptional circumstances. Confinement is not an exceptional circumstance by itself. The plaintiff should respond within 30 days from receipt of this order to any requests from the defendants with the requested items or proper objection to their production. The plaintiff is free to serve discovery on the defendants. The plaintiff has named "Unknown Medical Personnel", unfortunately the Marshall cannot serve an unknown. Unless the plaintiff can identify and return a service packet for such individuals the court must dismiss any such claims without prejudice and the running of the statute of limitations will likely prevent a new suit against them.

This matter has been referred to the undersigned Magistrate Judge to enter a scheduling order for management of the case (Docket Entry No.8). The following scheduling order is entered:

**I. GENERAL COURT RULES AND PROCEDURES**

Any filing made with the Court must comply with Rule 5 of the Federal Rules of Civil Procedure, which requires that a copy of the filing be sent to the opposing party or the party's counsel and that the filing contain a certification stating that a copy has been sent, to whom, at what address, and on what date. Any filing that does not comply with this requirement will be returned and/or stricken from the record.

Each party is responsible for making and obtaining copies of any documents or filings sent to the Court. It is not the Court's responsibility to provide free copies of any documents to the parties. If a party desires to obtain a copy of a document in the official court file, the party should contact the Clerk's Office, with the docket entry number of the document if possible, to request a copy. The cost of an electronically filed document is 10¢ per page, or 50¢ per page if it is not electronically filed.

Each party is required to keep both the Court and the opposing party or the party's counsel informed of his or her current address. The Plaintiff's failure to keep the Court informed of her current address may result in a recommendation that the action be

dismissed for failure to prosecute and for failure to comply with the Court's order.

## II. PRETRIAL DEADLINES

### Amendment of Pleadings

The parties shall have until Sept 30, 2019 to move to amend the pleadings.

### Discovery

All discovery shall be completed by **Jan. 31, 2020.** By this, the Court means that all written discovery should be served far enough before the discovery completion date, *i.e.,* at least **thirty days** prior to the discovery completion deadline, so that responses or objections to any written discovery can be made prior to the completion deadline. For example, serving written discovery upon an opposing party a few days prior to the discovery completion deadline does not comply with this scheduling order and may result in discovery being denied to the requesting party.

Any party seeking to serve written discovery upon another party that would result in responses being served after the discovery completion deadline must obtain leave of the Court to serve untimely discovery requests.

Written discovery should be sent to the opposing party and should not be filed with the Court, nor should a copy of the written discovery be sent to the Court unless it is sent as an attachment

to a discovery motion. A court order is not required for a party to engage in discovery and discovery in an action is not stayed upon the filing of any motion unless specifically ordered by the Court.

### Discovery Motions

All discovery motions must be filed by **Jan. 31, 2020.** All discovery motions must comply with the applicable requirements contained in Rule 37 of the Federal Rules of Civil Procedure, Rule 37.01 of the Local Rules of Court, or any other relevant Federal Rules of Civil Procedure. Before any motion related to a discovery dispute is filed, the parties shall conduct a telephone conference with the Magistrate Judge about the matter in dispute. **Because the Plaintiff is a prisoner she may write the Court to request such a telephone conference be scheduled. In her letter she should briefly state the nature of the problem.]**

### Dispositive Motions

All dispositive motions to dismiss or for summary judgment shall be filed by **March 13, 2020.** Responses shall be due 28 days after the motion, and replies, if any, limited to **five** pages, shall be due 14 days after any response. Plaintiff is forewarned that dispositive motions must be responded to 28 days after they are filed, unless an extension is granted by the Court, and that failure to respond to the motion and to statements of facts may result in the Court taking the facts alleged in the matter as true and

granting the relief requested. In responding, Plaintiff may not just rely on her complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule LR 56.01(a). If dispositive motions are filed before the deadline, the deadlines for filing responses and replies shall be advanced accordingly.

### Other Motions

The Plaintiff is reminded that any objection to orders of the Magistrate Judge on nondispositive motions must be filed within **14 days** after service of the order to which any objection is made (Local Rule 72.02).

Any other motions (other than in limine or related to trial matters) must be filed by **March 13, 2020.**

**Motions to seal**: Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Federal Home Loan Mortgage Co.*, No. 15-6067, 2016 WL 3671629 at *4-5 (6th Cir. Jul. 11 2016) (*quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, Nos. 15-1544, 1551, 1552, 2016 WL 3163073 at *3 (6th Cir. June 7, 2016)). Protective orders should not provide that documents

5

produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

**Modification of case management order**: Any motion to modify the case management order or any case management deadline shall be filed at least seven days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion, and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

This matter has not been set for trial but will be ready for a **jury** trial after **Sept. 1 2020.**

It is so **ORDERED.**

                                                /s/   Joe B. Brown
                                                JOE B. BROWN
                                                United States Magistrate Judge